UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE
CASE NO. 3:14-CV-517

KENRIC WISE                                                                                              Plaintiff,

v.

PINE TREE VILLA, LLC, *et al.*                                                                   Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Bifurcate and Stay Discovery. (Docket No. 11). Plaintiff has replied, (Docket No. 27), and Defendants have responded, (Docket No. 31). This matter is now fully briefed and ripe for adjudication. For the following reasons, the Court finds that the Defendants have not met their burden to prove that bifurcation is necessary. Without bifurcation, no stay of discovery is needed. Accordingly, Defendants' Motion (Docket No. 11) is **DENIED**.

**BACKGROUND**

The Defendant Pine Tree Villa, LLC d/b/a Regis Woods Care and Rehabilitation Center provided nursing home care to the Plaintiff, Kenric Wise, between June 5, 2013 and March 3, 2014. The Plaintiff claims the treatment he received "accelerated the deterioration of his health beyond that caused by the normal aging process." (Docket No. 1 at 14). He alleges injuries including pressure ulcers, overmedication, unnecessary pain, malnutrition, falls, and a loss of personal dignity. *Id*. The Plaintiff attributes these injuries to negligence of the nursing home (Counts I – III), its administrator (Count V), and its staff (Count VI – VII). These actions, according to the Plaintiff, violated the Plaintiff's "Long Term Care Resident's Rights" under Kentucky statute (Count IV).

The Plaintiff alleges a long list of institutional failures that he believes constitute negligence. This list includes failures to comply with applicable regulations, develop appropriate care policies, and adequately staff the facility. It is not necessary to detail the entire list for the purposes of this ruling. Counts I and II contain generally similar allegations against the corporate and limited partnership defendants in the form of negligence and medical negligence. Count V directs similar allegations of negligence against the administrator of the facility. Count III asserts vicarious liability and general corporate negligence. Unspecified negligence is alleged against unnamed nurses (Count VI) and other unnamed staff (Count VII).

The Defendants have moved to bifurcate the claims of "corporate negligence" and stay discovery regarding those claims pending resolution of the other claims. While their motion specifies only the Count III "corporate negligence" claim, because of the similarity between that count and Counts I and II, this ruling will address all three.

## STANDARD

Fed. R. Civ. P. 42 allows courts to bifurcate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." "[A] district court ha[s] broad discretion to order separate trials[.]" *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988). "In determining whether separate trials are appropriate, the court should consider several factors, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v. Morgan,* 477 F.3d 326, 339 (6th Cir. 2007) (internal citation omitted). Bifurcation may be appropriate "where the evidence offered on two different issues will be wholly distinct, or where litigation of one issue may obviate the need to try another issue." *Athridge v. Aetna Cas. & Sur. Co.,* 604 F.3d 625, 635 (D.D.C. 2010). The burden to establish the

appropriateness of bifurcation rests with the movant. *See*, *e.g.*, *Brantley v. Safeco Ins. Co. of Am.*, 1:11-CV-00054-R, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011).

## DISCUSSION

The Defendants maintain that the "corporate negligence" claims should be bifurcated from the medical liability claims because of Kentucky precedent and constitutional principles, as well as based on the possibility of prejudice. The Court disagrees.

The Kentucky precedent that the Defendants cites regarding bifurcation is readily distinguishable. In *Franz v. Ashland Hosp. Corp.*, 2014 WL 813085 (Ky. Ct. App. Feb. 28, 2014), a Kentucky Appeals court noted its approval of the bifurcation of a medical negligence claim against a physician and a corporate negligence claim against a hospital. However, that court found that the claims of corporate liability were entirely derivative of the underlying medical malpractice claims. While the corporate negligence claims in this case, particularly Count III, may ultimately prove to be derivative in nature, the Plaintiff claims his corporate negligence claims are independent.[1] At the least, the corporate claims are broader than the negligent credentialing claim at issue in *Franz*. Unlike in *Franz*, at this stage of the litigation, this Court has not been asked to rule on the viability of these claims or their derivative nature. This key distinction makes *Franz* inapplicable. Similarly, the Defendants cite secondary sources to support the severability of negligent hiring and supervision. However, the Plaintiff's corporate negligence claims are broader than negligent credentialing or negligent hiring/supervision and might not require underlying medical negligence to be successful. Because the derivative nature

---

[1] The plaintiff maintains his theory has been used in Kentucky and is explicitly recognized as permissible in other jurisdictions. (Response, DN 27 at 4-5 (*citing Merrill ex rel. Estate of Merrill v. Arch Coal, Inc.,* 118 Fed. Appx. 37 (6th Cir. 2004); *Boggs v. Blue Diamond Coal Co.*, 590 F.2d 655; *United States v. Bestfoods*, 524 U.S. 51 (1998); *and Papa v. Katy Industries, Inc.*, 166 F.3d 937 (7th Cir. 1999)).

of the Plaintiff's corporate negligence claims has not been established, neither <u>Franz</u> nor the cited secondary sources offer support for bifurcation.

The Defendants next argue that distinguishing *Franz* causes constitutional offense. They state that due process and equal protection are implicated if the nursing home defendants in this case are not treated identically to the hospital defendants in *Franz*. The Court notes that *Franz* is neither controlling nor is the distinction between the instant case and *Franz* based on the Defendants' identity as a nursing home provider. Thus, even if equal protection were applicable to bifurcation, equal protection is not offended by the distinction drawn here.

The Defendants finally argue that jury confusion and prejudice may result without bifurcation. The Defendants reason that when presented with the juxtaposition of a feeble patient and the logic of business decisions, jurors would be unable to independently analyze the elements of corporate and medical negligence. The Court believes that litigation strategy and, if necessary, limiting instructions can properly segregate the two. Any minimal prejudice or jury confusion that might result does not outweigh other considerations.

Paramount among those other considerations is judicial economy. "It is the interest of efficient judicial administration that is to be controlling under the rule, rather than the wishes of the parties." Wright & Miller, *Federal Practice and Procedure* § 2388 (3d ed.). The Defendants contend that the expense of voluminous discovery of corporate data weighs in favor of bifurcation because such discovery would be unnecessary if the corporate negligence claims are barred by a finding of no medical liability in a bifurcated trial. First, this argument assumes the corporate negligence claims are derivative of medical negligence. Second, the Defendant's concerns about voluminous discovery are speculative at this early stage of the litigation. As such, it is unclear that bifurcation would serve the interests of judicial economy. In the case's current

4

procedural posture, some proof might even need to be repeated in both phases of a bifurcated trial (i.e. injury). The interests of judicial economy are best served by denying the motion to bifurcate and stay discovery.

## CONCLUSION

The Defendants' proffered reasons do not mandate bifurcation. The Court finds any minimal prejudice may be countered with effective litigation strategy and thus outweighed by the interest in judicial economy. Thus, the Defendants' Motion to Bifurcate and Stay Discovery (Docket No. 11) is **DENIED**.